# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2011

No. 11-30310
Summary Calendar

Lyle W. Cayce
Clerk

LLOYD A. RICHARD,

Plaintiff-Appellant

v.

HANK STEIB, Jailor; OSBORNE WALLACE, Corporal,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1399

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lloyd A. Richard, Louisiana prisoner # 125784, seeks leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal on remand from this court of his 42 U.S.C. § 1983 suit asserting that, while he was a detainee at the St. James Parish Prison, he was placed in solitary confinement for several hours in retaliation for having filed a grievance. Following an evidentiary hearing, the district court discredited Richard's testimony, specifically credited the testimony of the defendants, and concluded both that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard had not exhausted his administrative remedies with respect to the retaliation claim and that the claim failed on the merits. The district court then denied Richard's request for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

We construe the instant IFP motion as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Our inquiry into Richard's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Although this court generally reviews the district court's findings of fact following a bench trial for clear error and its legal conclusions *de novo*, review in this case is restricted to plain error. *See French v. Allstate Indem. Co.*, 637 F.3d 571, 577 (5th Cir. 2011); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To show plain error, Richard must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).

For the first time on appeal, Richard complains that he should have been permitted to appear at the evidentiary hearing via video conference rather than telephonically and that his telephonic appearance violated due process. However, Richard's telephonic appearance was authorized by statute and does not give rise to error, plain or otherwise. *See* 42 U.S.C. § 1997e(f)(1).

A significant portion of Richard's motion is devoted to the argument that the defendants lied and that he in fact exhausted his administrative remedies prior to filing the instant suit. This court need not address the exhaustion issue, however, because Richard has failed to demonstrate any issue of arguable merit with respect to the district court's alternative dismissal of the retaliation claim on the merits.

If his IFP motion is very liberally construed, Richard contends that the dismissal of his retaliation claim was error because his evidence demonstrated all elements of a retaliation claim, and the district court erred in crediting the defendants' conflicting evidence and testimony. He reiterates his assertion that he was placed in solitary confinement on April 16, 2008, in retaliation for and to deter him from filing a grievance, not because he created a disturbance, and contends that defendants Hank Steib and Corporal Osborne Wallace lied on the stand to conceal the true facts showing retaliation.

As noted above, the district court discredited Richard's version of events, specifically crediting Steib's and Wallace's testimony to conclude that the retaliation claim failed for lack of retaliatory motive. It found that Steib placed Richard in the holding cell not because he filed a grievance but because he was causing a disturbance by kicking the gates of his cell and needed to "cool off." Because the credited evidence shows that Steib acted without a retaliatory motive, the retaliation claim was properly dismissed. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The thrust of Richard's appellate argument, including his claims of bias, fraud, and conspiracy, is that the district court's credibility determinations were error. However, this court will not "second guess the district court's decision to believe one witness' testimony over another's or to discount a witness' testimony." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000). Although Richard contends that the defendants testified falsely, he has failed to demonstrate that Steib's and Wallace's testimony was incredible as a matter of law. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1052 (5th Cir. 1998); *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994) ; *see also Canal Barge Co.*, 220 F.3d at 375.

Because Richard's appeal amounts to no more than a challenge to the district court's credibility determinations, and because Richard has not demonstrated that the credibility choices were erroneous as a matter of law, the appeal is without arguable merit. Accordingly, the IFP motion is DENIED, and

the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. Richard's motion for the appointment of appellate counsel is likewise DENIED.

The dismissal of the instant appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Richard has a previous strike. *See Richard v. Kinler*, 2008 WL 4809472 (E.D. La. Oct. 31, 2008). Richard is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.